Jose **CONTRERAS, Ignacio Flores and Mario Garcia on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**MT. ADAMS ORCHARD CORPORATION, et al., George Ing and Muriel Ing, a marital community, Defendants.**

No. C–89–184–AAM.

United States District Court, E.D. Washington.

July 19, 1990.

Daniel G. Ford and Michele Besso of Evergreen Legal Services, Granger, Wash., for plaintiffs.

Ryan M. Edgley of Lofland & Associates, Yakima, Wash., for defendants.

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

McDONALD, District Judge.

Before the court for resolution is the plaintiffs' Motion for Partial Summary Judgment (Ct.Rec. 60), heard with oral argument on July 13, 1990 in Yakima, Washington. The plaintiffs were represented by Daniel G. Ford. Ryan M. Edgley appeared on behalf of the defendants. Through this motion, the plaintiffs seek to establish the defendants' liability as to six alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act (MSAWPA), 29 U.S.C. §§ 1801 *et seq.*

Upon consideration of the record and the arguments presented, and for the reasons set forth by the court at the hearing,

IT IS HEREBY ORDERED that the plaintiffs' motion for partial summary judgment be GRANTED. Fed.R.Civ.P. 56. The following six violations of the MSAWPA are accordingly deemed established as to the issue of liability with regard to one or more class plaintiffs during the time period alleged:

1. The defendants failed to ascertain and/or disclose in writing to each migrant agricultural worker recruited for employment at the time of such recruitment the seven specifically enumerated items in 29 U.S.C.A. § 1821(a) (1985). For purposes of this and all other violations, the term "migrant agricultural worker" shall have the meaning given that term by § 1802(8), and the term "recruit" and its derivatives shall be interpreted as meaning "to hire or otherwise obtain or secure the services of," and shall include all pre-employment discussions that relate to a worker's employment.

2. The defendants failed to have all migrant agricultural worker housing certified as prescribed by § 1823(b). For purposes of this violation, a violation shall be deemed to have occurred if any occupant of such housing is properly classifiable as a migrant agricultural worker.

3. The defendants failed to post in a conspicuous place or to present to each migrant agricultural worker occupying housing as described in paragraph 2 *supra* a statement of the terms and conditions of occupancy of such housing as prescribed by 29 U.S.C.A. § 1821(c) and 29 C.F.R. § 500.75(f), (g) (1989).

4. The defendants transported agricultural workers in unsafe vehicles and/or in an unsafe manner in contradiction of 29 U.S.C.A. § 1841(b) and 29 C.F.R. § 500.104. For purposes of this violation, a violation as to one worker in a given vehicle shall be deemed to constitute a violation as to all workers occupying that vehicle.

5. The defendants failed to make, keep and preserve adequate records of the information described in 29 U.S.C.A. § 1821(d)(1), including information relating to actual hours worked and to the reasons bonuses were, in some instances, partially or totally eliminated, for each migrant agricultural worker.

6. The defendants failed to provide to each migrant agricultural worker an itemized written statement of the information described in paragraph 5 *supra* as prescribed by 29 U.S.C.A. § 1821(d)(2).

The court further finds, also as a matter of law, that each of the above violations were "intentional" as that term is used in 29 U.S.C.A. § 1854(c). *Bueno v. Mattner,* 829 F.2d 1380, 1384–86 (6th Cir.1987), *cert. denied,* 486 U.S. 1022, 108 S.Ct. 1994, 100 L.Ed.2d 226 (1988).

IT IS SO ORDERED.